UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIELE TYNER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 17-cv-06352 |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| DEFENDANT. ) | Jury Demanded |

# COMPLAINT

Plaintiff, Denniele Tyner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 425, *et* seq ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331 and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff has thus suffered a concrete injury and harm to her reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July, 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of

financial harm caused by an inaccurate credit rating); *see also, Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.").

## **PARTIES**

5. Plaintiff, Denniele Tyner ("Plaintiff'), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted World Financial Network Bank consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

6. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability that operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

7. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State).

8. PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts.

9. PRA's primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor. *See* PRA Group, Inc., Annual Report (2016 Form 10-K), at 5, available at http://ir.pragroup.com/annuals-proxies.cfm (viewed Aug. 8, 2017).

10. The principal purpose of PRA's business is the collection of debts, as it does not receive any significant revenue from other operations. *Id*.

11. Thus, PRA is a debt collector as that term is defined at § 1692a of the FDCPA.

12. PRA is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

## FACTUAL ALLEGATIONS

13. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a World Financial Network Bank consumer credit account, account number beginning with 8742 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

15. PRA subsequently purchased and began collecting the alleged debt.

16. PRA communicated information regarding the alleged debt to the Experian consumer reporting agency as a part of their attempts to collect the alleged debt.

17. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

18. In February 2017, PRA communicated information regarding the alleged debt to the Experian consumer reporting agency, including a balance of $1,933. (Exhibit C, Experian credit report).

19. In March 2017, PRA communicated a balance of $1,893 on the alleged debt.

20. Plaintiff had not made any payments on the alleged debt.

21. Either the credit information communicated to Experian in February 2017– that the account balance was $1,933 – or the credit information communicated to Experian in March

2017 – that the account balance was $1,893 – was false; both amounts cannot be correct as the account balance cannot *decrease* over time in the absence of any payments.

22.     PRA misrepresented the amount of the alleged debt to the credit reporting agencies and to Plaintiff.

23.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24.     PRA communicated credit information which it knew or should have known to be false, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8), when it communicated a false balance on an alleged debt to Experian.

25.     PRA attempted to collect an additional $40 to which it was not entitled, over and above the charge-off balance of $1,893.

26.     On information and belief, PRA adds small amounts to many accounts it collects from millions of consumers in the United States, amounting to millions of dollars of revenue to which it is not entitled.

27.     The FDCPA requires precise calculation of the exact amount of an alleged debt, "and for good reason: the debt collector legally may collect (or attempt to collect) only the amount actually owed by the debtor, and if the creditor's records are insufficient to calculate that amount, the debt collector proceeds at his peril." *Bernstein v. Howe*, No. IP o2-192-C-K/H,

2003 WL 1702254, at *4 (S.D. Ind. Mar. 31, 2003) (finding an FDCPA violation where a debt collector failed to identify the amount of interest owed on an alleged debt).

28. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

29. PRA attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when they attempted to collect an additional $40 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

30. 225 ILCS 425/9(a) of the ICAA prohibits the following:

**. . . (30) Misrepresenting the amount of the debt alleged to be owed. . . .**

31. PRA misrepresented the amount of the alleged debt, in violation of 225 ILCS 425/9(a)(30), when it communicated false information on an alleged debt to Experian.

32. Defendant's communications caused Plaintiff to experience negative emotions, including annoyance, aggravation, and other garden variety emotional distress.

33. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

35. Defendant communicated information regarding an alleged debt directly to a consumer, in violation of 15 U.S.C. § 1692c(a)(2), when it did so while knowing the consumer was represented by an attorney.

36. PRA communicated credit information which it knew or should have known to be false, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8), when it communicated a false balance on an alleged debt to Experian.

37. PRA attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when they attempted to collect an additional $40 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

38. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

39. PRA misrepresented the amount of the alleged debt, in violation of 225 ILCS 425/9(a)(30), when it communicated false information on an alleged debt to Experian.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A. Compensatory and punitive damages;

    B. Costs; and

C. Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com